SEND MAIL TO:
✓ ST. CLOUD
MAPLE GROVE

LIFEBACK
LAW FIRM, P. A.
EST. 1972
WE DON'T JUDGE YOU, WE HELP YOU GET YOUR LIFE BACK!™

July 15, 2026

TO: U.S. TRUSTEE, TRUSTEE, AND ALL CREDITORS

Re: Clients

Bankruptcy Case No.: 25-41807

To Whom It May Concern:

Enclosed herewith and served upon you please find a Notice of Hearing and Motion, Memorandum in Support of Debtors Motion for Post-Confirmation Modification and Modified Chapter 13 Plan concerning the above-referenced bankruptcy case.

Your humble servant,

Col Ovik

COL M. OVIK

CMO / nha

Enclosure

ST. CLOUD | 13 SEVENTH AVENUE SOUTH | ST. CLOUD, MINNESOTA 56301 | 320.252.0330 | FAX 320.252.0971
BRAINERD | 211 SOUTH 4TH ST. | BRAINERD, MINNESOTA 56401 | 218.822.3300 | FAX 218.297.2002
MAPLE GROVE | 6445 SYCAMORE CT. NORTH | MAPLE GROVE, MINNESOTA 55369 | 612.843.0529 | FAX 763.657.1974
EAGAN | 4480 ERIN DRIVE | EAGAN, MINNESOTA 55122 | 612.843.0525 | FAX 651.414.0849
DULUTH | 11 EAST SUPERIOR STREET, SUITE 563 | DULUTH, MINNESOTA 55802 | 218.822.3300
EDEN PRAIRIE | 7525 MITCHELL ROAD, SUITE 208 | EDEN PRAIRIE, MINNESOTA 55344 | 612.843.0524
MINNEAPOLIS| 2124 DUPONT AVE S SUITE 103 | MINNEAPOLIS, MINNESOTA 55405 | 612-843-0527
SAINT PAUL| 370 SELBY AVENUE, SUITE 224| SAINT PAUL, MINNESOTA 55102| 612-843-0523

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re: Case No.25-41807
Heidi Faith Miller Chapter 13
Bruce Harvey Miller

Debtors.

---

## NOTICE OF HEARING AND MOTION

---

TO: DEBTORS AND OTHER ENTITIES SPECIFIED IN LOCAL RULE 9013-3:

1. Heidi and Bruce Miller moves the Court for the relief requested below and gives notice of hearing.

2. The Court will hold a hearing on this motion at 11:00 a.m. on August 20, 2026, in Courtroom 8 West, 8th Floor, at the United States Courthouse, 300 South Fourth Street, Minneapolis, Minnesota.

3. Any response to this motion must be filed and served not later than August 13, 2026, which is seven days before the time set for the hearing (including Saturdays, Sundays and holidays). UNLESS A RESPONSE OPPOSING THE MOTION IS TIMELY FILED, THE COURT MAY GRANT THE MOTION WITHOUT A HEARING.

4. The Court has jurisdiction over this motion pursuant to 28 USC §§ 157 and 1334, FRBP 5005 and Local Rule 1070-1. This proceeding is a core proceeding. The petition commencing this Chapter 13 case was filed on June 03, 2025. The case is now pending in this court.

5. This motion arises under 11 USC § 1329 and FRBP 9029. This motion is filed

under FRBP 9014 and Local Rules 9013, 9006, 5005, and 9017. Debtor(s) request(s) relief with respect to a post-confirmation modified plan that will allow for monthly payments of $535.00 per month for 16 months, than $635.00 per month for 12 months, than $735.00 per month for 12 month, than $835.00 per month for 8 months ,than a lump sum of $14,000.00 by June 2030 no arrears to exist on the plan as of July, 2026.

WHEREFORE, debtor(s) move(s) the Court for an Order to confirm the plan, as modified, and such other relief as may be just and equitable.

Dated: DATE

LIFE BACK LAW FIRM, P.A.

/e/ COL M. OVIK #0400205
Attorney for Debtor(s)
13 7th Avenue South
St. Cloud, MN 56301
(320) 252-0330
Col@lifebacklaw.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

---

In re: Case No. 25-41807
Heidi Faith Miller Chapter 13
Bruce Harvey Miller

Debtor.

---

# MEMORANDUM IN SUPPORT OF DEBTORS MOTION FOR POST-CONFIRMATION MODIFICATION

---

## FACTS

This Chapter 13 bankruptcy case was filed on June 03, 2025 and confirmed on April 23, 2026. Subsequent to confirmation debtor 1 experienced a period of unemployment after losing her job and only recently secured new employment.

Debtors has the ability to pay $535.00 per month for 16 months, than $635.00 per month for 12 months, than $735.00 per month for 12 month, than $835.00 per month for 8 months ,than a lump sum of $14,000.00 by June 2030 beginning in July, 2026 for the balance of the plan, see Amended Schedules I & J.

## ARGUMENT

11 USC §1329(a) permits a debtor to, on motion, at any time after confirmation of a plan and before all plan payments have been made to seek an increase or reduction in the amount of payments on claims of a particular class provided for by the plan, or to extend or reduce the time for such payments.

Debtors respectfully requests the Court’s order modifying their plan to pay $535.00 per month for 16 months, than $635.00 per month for 12 months, than $735.00 per month for 12

month, than $835.00 per month for 8 months,than a lump sum of $14,000.00 by June 2030 beginning in July, 2026 for the balance of the plan with no arrears to exist on the plan as of July, 2026.

Debtor's modified Chapter 13 plan is proposed in good faith, complies with the Bankruptcy Code and Rules, and is not by any means forbidden by law. For all the reasons cited herein, the debtor respectfully requests the Court to confirm the modified plan, as submitted.

Dated: July 15, 2026

LIFE BACK LAW FIRM, P.A.

/e/ COL M. OVIK #0400205
Attorney for Debtor(s)
13 7th Avenue South
St. Cloud, MN 56301
(320) 252-0330
Col@lifebacklaw.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re:<br><br>Heidi Faith Miller<br>Bruce Harvey Miller<br>Debtor(s) | Case No. 25-41807<br><br>Chapter 13 |

## DECLARATION OF MAILING CERTIFICATE OF SERVICE

On 7/15/2026, I did cause a copy of the following document(s), described below:

Notice of Hearing and Motion, Memorandum,Modified Plan and fee app

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of Stretto, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R. Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein. Said mailing matrix was downloaded from the District of Minnesota Bankruptcy Court's official court matrix on 7/15/2026.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 7/15/2026

/s/ Col M. Ovik
Col M. Ovik
Bar No. 0400205
LifeBack Law Firm, PA
13 7th Avenue South
Saint Cloud MN 56301-0000
320-252-0330
najami@lifebacklaw.com

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| In re:<br>Heidi Faith Miller<br>Bruce Harvey Miller<br>Debtor(s) | Case No. 25-41807<br>Chapter 13 |

## CERTIFICATE OF SERVICE DECLARATION OF MAILING

On 7/15/2026, I did cause a copy of the following document(s), described below:

Notice of Hearing and Motion, Memorandum,Modified Plan and fee app

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document (s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 7/15/2026

Melissa Membrino
c/o Stretto
410 Exchange Ste 100
Irvine, CA 92602
(949) 222-1212
declaration@stretto.com

I certify that on 7/15/2026, I caused a copy of the Notice of Hearing and Motion, Memorandum andModified Plan and fee app to be served by First Class United States Mail service, with adequate postage to ensure delivery to:

EXHIBIT

| | | | | | |
|---|---|---|---|---|---|
| Cogency Global Inc | | | 850 New Burton Rd | Suite 201 | Dover DE 19904-5786 |
| MidFirst Bank | | | 999 NW Grand Boulevard | | Oklahoma City OK 73118-6051 |
| Minnesota Department of Revenue | | | Bankruptcy Section | PO Box 64447 | St Paul MN 55164-0447 |
| United States Attorney | | | 600 US Courthouse | 300 S 4th St | Minneapolis MN 55415-3070 |
| Minneapolis | | | 301 Diana E. Murphy U.S. Courthouse | 300 South Fourth Street | Minneapolis MN 55415-1320 |
| Adam Berry | | | 710 Commerce Drive | | Saint Paul MN 55125-4919 |
| Allina Health | | | PO BOX 77008 | | Minneapolis MN 55480-7708 |
| AmeriCredit Financial Services, Inc. dba GM | | | P O Box 183853 | | Arlington TX 76096-3853 |
| AmeriCredit/GM Financial | | | Attn: Bankruptcy | Po Box 183853 | Arlington TX 76096-3853 |
| American Coradius Int., LLC | | | 2420 Sweet Home Road | Suite 150 | Amherst NY 14228-2244 |
| Americredit Financial Servics | | | PO Box 183853 | | Arlington TX 76096-3853 |
| Anytime Fitness | | | 10165 Hennepin Town Rd | | Eden Prairie MN 55347-3107 |
| Bradley Rixmann | | | 181 S River Ridge Cir | | Burnsville MN 55337-1627 |
| Brickhouse OpCo I LLC | | | 4053 Maple Road Suite 122 | | Amherst NY 14226-1058 |
| C T Corporation System | | | 1010 Dale St N | | Saint Paul MN 55117-5603 |
| CT Corporation System Inc. | | | 1010 Dale St N | | Saint Paul MN 55117-5603 |
| CENTERPOINT ENERGY | | | PO BOX 1700 | | HOUSTON TX 77251-1700 |
| City of Lino Lakes | | | 600 Town Center Pkwy | | Circle Pines MN 55014-2198 |
| Club West Chiropractic | | | 10950 Club West Pkwy, Ste 190 | | Minneapolis MN 55449-3673 |
| Cmre Financial Services | | | PO Box 631893 | | Cincinnati OH 45263-1893 |
| Cogency Global Inc | | | 115 N Calhoun Streen | Suite 4 | Tallahassee FL 32301-1568 |
| Corporation Service Co | | | 2780 Snelling Ave N | Suite 101 | Saint Paul MN 55113-7115 |
| Credit Collection Services | | | Payment Processing Center | PO Box 55126 | Boston MA 02205-5126 |
| Credit One Bank | | | PO Box 60500 | | City Of Industry CA 91716-0500 |
| Creditor Advocates | | | PO BOX 1264 | | Prior Lake MN 55372-0864 |
| Emergency Physicians | | | PO BOX 3370 | | Indianapolis IN 46206-3370 |
| Fst Premier | | | 3820 N Louise Ave | | Sioux Falls SD 57107-0145 |
| Harrison J. Brown | | | 4719 Park Nicollet Ave SE | Ste 115 | Prior Lake MN 55372-3947 |
| HUNTINGTON NATIONAL MANAGEMENT LLC | | | ATTN STANLEY KUBIAK | PO BOX 1158 | HAMBURG NY 14075-9158 |
| Internal Revenue Service | | | Centralized Insolvency | PO Box 7346 | Philadelphia PA 19101-7346 |
| Joshua Hasko | | | 100 S 5th Street | 1400 Fifth Street Towers | Minneapolis MN 55402 |
| LVNV Funding | | | Resurgent Capital | PO Box 10587 | Greenville SC 29603-0587 |
| LVNV Funding, LLC | | | Resurgent Capital Services | PO Box 10587 | Greenville SC 29603-0587 |
| Legalinc Corporate Services In | | | 3800 American Blvd West | Suite 1500 300-030 | Minneapolis MN 55431-4429 |

| | | | | | |
|---|---|---|---|---|---|
| MN Dept of Revenue | | | Attn: Denise Jones | PO Box 64447 | Saint Paul MN 55164-0447 |
| MN Diagnostic Imaging | | | 2800 Campus Drive | Suite 30 | Minneapolis MN 55441-2669 |
| MNGI | | | PO BOX 14829 | | Minneapolis MN 55414-0829 |
| Messerli & Kramer | | | 3033 Campus Drive | Suite 250 | Plymouth MN 55441-2685 |
| MidFirst/Nationstar | | | PO BOX 268888 | | Oklahoma City OK 73126-8888 |
| Midland Credit Management | | | PO Box 2037 | | Warren MI 48090-2037 |
| Midland Fund/Midland Credit Mgmt | | | Attn: Bankruptcy | Po Box 939069 | San Diego CA 92193-9069 |
| Midland Mortgage | | | PO BOX 268888 | | Oklahoma City OK 73126-8888 |
| Midwest Radiology | | | 166 4th Street E | | Saint Paul MN 55101-1474 |
| Nelnet | | | Attn: Bankruptcy Claims | Po Box 82505 | Lincoln NE 68501-2505 |
| Nelnet on behalf of ECMC | | | PO Box 16408 | | Saint Paul MN 55116-0408 |
| Net Credit | | | 175 West Jackson Blvd | Suite 1000 | Chicago IL 60604-2863 |
| NetCredit | | | 175 W Jackson Blvd | Suite 600 | Chiacgo IL 60604-2948 |
| North Memorial | | | 3300 N Oakdale Ave | | Robbinsdale MN 55422-2926 |
| Payday America | | | 701 W Main St | | Anoka MN 55303-1795 |
| Pinnacle Service Solutions | | | 4408 Milestrip Rd #247 | | Buffalo NY 14219-2553 |
| Registered Agent | | | 166 4th St E | | Saint Paul MN 55101-1400 |
| Registered Agent | | | 2800 Campus Drive | Suite 30 | Minneapolis MN 55441-2669 |
| Registered Agent | | | 3300 N Oakdale Ave | | Minneapolis MN 55422-2926 |
| Registered Agent | | | 4408 Milestrip Road #247 | | Buffalo NY 14219-2553 |
| Registered Agent | | | 725 Canton Street | | Norwood MA 02062-2609 |
| Registered Agent | | | PO Box 29182 | | Minneapolis MN 55429-0182 |
| RELIANCE RECOVERIES | | ATTN ACCOUNTS RECEIVABLE SERVICES | 6160 SUMMIT DR N | SUITE 440 | BROOKLYN CENTER MN 55430-2149 |
| Resurgent Capital Services | | | Attn: Bankruptcy | Po Box 10497 | Greenville SC 29603-0497 |
| Robert DeJong | | | 6801 S Cimarron Rd | | Las Vegas NV 89113-2273 |
| Robert Thomas | | | 4300 MarketPointe Drive | Suite 100 | Minneapolis MN 55435-5435 |
| Ryan Waddell, D.C. | | | 10995 Club West Parkway | | Minneapolis MN 55449-5058 |
| Scott Smith | | | 501 NW Grand Blvd | | Oklahoma City OK 73118-6037 |
| Suburban Imaging | | | PO Box 3185 | | Indianapolis IN 46206-3185 |
| SUMMIT ORTHOPEDICS | | | 710 COMMERCE DRIVE STE 200 | | WOODBURY MN 55125-4925 |
| Susan Truman | | | 2355 Highway 36 W | Ste 100 | Saint Paul MN 55113-3905 |
| T Mobile/T-Mobile USA Inc | | | by AIS Infosource, LP as agent | 4515 N Santa Fe Ave | Oklahoma City OK 73118-7901 |
| US DEPARTMENT OF HOUSING AND URBAN DEVELOP | | | 477 MICHIGAN AVE #1600 | | DETROT MI 48226-2564 |
| Verizon | | | by AIS InfoSource LP as agent | PO Box 4457 | Houston TX 77210-4457 |
| XCEL ENERGY | | ATTN BANKUPTCY DEPARTMENT | 414 NICOLLET MALL | MINNEAPOLIS 55401-1993 | |
| Bruce Harvey Miller | | | 6598 Hokah Drive | | Lino Lakes MN 55014-1343 |
| Col M-H Ovik | | | LifeBack Law Firm, PA | 13 7th Avenue South | Saint Cloud MN 56301-4259 |
| Gregory A Burrell | | | 100 South Fifth Street | Suite 480 | Minneapolis MN 55402-1250 |
| Heidi Faith Miller | | | 6598 Hokah Drive | | Lino Lakes MN 55014-1343 |
| Wesley W. Scott | | | LifeBack Law Firm, PA | 13 Seventh Ave S | St Cloud MN 56301-4259 |

Local Form 3015-1
REVISED 09/2025

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MINNESOTA

In re:
**Heidi Faith Miller**
**Bruce Harvey Miller**

Case No. **25-41807**
CHAPTER 13 PLAN ☑ Modified
Dated **July 15, 2026**

Debtor.
*In a joint case, "debtor" means "debtors" in this plan.*

**Part 1. NOTICE OF NONSTANDARD PLAN PROVISIONS, SECURED CLAIM LIMITATIONS, AND LIEN OR SECURITY INTEREST AVOIDANCE: The debtor must check the appropriate boxes below to indicate whether the plan does or does not include each of the following items:**

| | | | |
|---|---|---|---|
| 1.1 | A limit on the amount of a secured claim based on a valuation of the collateral for the claim, set out in Parts 6 or 14 | ☐ Included | ☑ Not included |
| 1.2 | Avoidance of a security interest or lien, set out in Part 14<br>**IDENTIFY ALL AFFECTED SECURITY INTEREST HOLDERS OR LIENHOLDERS:** | ☐ Included | ☑ Not included |
| 1.3 | Nonstandard provisions, set out in Part 15 | ☑ Included | ☐ Not included |

**Part 2. DEBTOR'S PAYMENTS TO TRUSTEE: The initial plan payment is due not later than 30 days after the order for relief, unless the court orders otherwise.**

2.1 As of the date of this plan, the debtor has paid the trustee $ **2,936.00** (including balance on hand of $ **0.00** ).

2.2 After the date of this plan, the debtor will pay the trustee $**31,680.00**.

| Plan payment | Start MM/YYYY | End MM/YYYY | # of payments | Total |
|---|---|---|---|---|
| **$535.00** | **07/2026** | **10/2027** | **16** | **$8,560.00** |
| **$635.00** | **11/2027** | **10/2028** | **12** | **$7,620.00** |
| **$735.00** | **11/2029** | **10/2029** | **12** | **$8,820.00** |
| **$835.00** | **11/2029** | **06/2030** | **8** | **$6,680.00** |
| | | | PART 2.2 SUBTOTAL: | **$31,680.00** |

2.3 The minimum plan length is ☑ 36 months or ☐ 60 months from the date of the initial plan payment unless all allowed unsecured claims are paid in a shorter time.

2.4 The debtor will also pay the trustee **a lump sum payment of $14,000.00 by June 2030 and 5 additional payments of $50.00 by June 2030 to make up for missed payments** .

2.5 The debtor will pay the trustee a total of $ **48,866.00** [lines 2.1 + 2.2 + 2.4].

2.6 If the debtor is required to file a tax return under applicable nonbankruptcy law, the debtor will file with appropriate tax authorities all returns and provide the trustee a copy of each filed return within 14 days of filing. The debtor will treat tax refunds as follows:**If the debtor receives a refund from the federal taxing agency but owes the state taxing agency (or vice-versa), the debtor will net the two out, and pay the trustee the amount over $1,200 for a single filer, or $2,000 for a joint filer (not including any Earned Income Credit or Working Family Credit). Any additional amounts shall be turned over to the Chapter 13 trustee as additional plan payments**.

**Part 3. PAYMENTS BY TRUSTEE AND TRUSTEE'S FEES:** Prior to confirmation of the plan, the trustee will pay from available funds payments designated as Adequate Protection ("Adq. Pro.") under Parts 6 and 7 to creditors with claims secured by personal property. All other funds will be disbursed by the trustee following confirmation of the plan as soon as is practicable. The trustee will pay from available funds only to creditors for which proofs of claim have been filed. The trustee is not required to retain funds for any claim for which a proof of claim has not been timely filed and may disburse those funds to other claimants. The trustee may collect a fee of up to 10% of plan payments, or $ **4,886.60** [line 2.5 x .10]. If relief from the automatic stay is ordered as to any item of collateral listed in the plan, then, unless otherwise ordered by the court, all payments by the trustee as to that collateral will cease, and all secured claims based on that collateral will no longer be treated by the plan.

**Part 4. EXECUTORY CONTRACTS AND UNEXPIRED LEASES [§ 365]:** The debtor assumes the following executory contracts or unexpired

Local Form 3015-1
REVISED 09/2025

leases. The debtor will pay directly to creditors all payments that come due after the date the petition was filed. Cure provisions, if any, are set forth in Part 5.

| | Creditor | Description of Property |
|---|---|---|
| | **-NONE-** | |

**Part 5. MAINTENANCE OF PAYMENTS AND CURE OF DEFAULT, IF ANY (§ 1322(b)(5)):** The debtor will maintain the current contractual installment payments on the claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be paid directly by the debtor unless otherwise specified below. The trustee will pay the arrearage amount listed in the proof of claim at the interest rate specified below, unless otherwise ordered by the court. The creditors will retain liens. All following entries are estimates, except for interest rate.

| | Creditor | Description of property | Arrears amount (if any) | Interest rate on arrears (if any) | Beginning in MM/YY | Monthly payment | # of pay-m ents | Remaining arrears payments | + *amount paid to date by trustee (mod. plan only)* | Total trustee arrears payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 5.**1** | **MidFirst/Nationstar** | **6598 Hokah Drive Circle Pines, MN 55014 Anoka County** | **$0.00** | **0.00** | **07/2026** | **0.00** | **0.00** | **$0.00** | **$0.00** | **$0.00** |
| | | | Current installment payment | | Disbursed by: | | Remaining trustee installment payments | | + *amount paid to date by trustee (mod. plan only)* | Total trustee installment payments |
| | | | **$2,400.00** | | ☑ Debtor ☐ Trustee | **N/A** | **$0.00** | | **$254.93** | **$0.00** |

| | Creditor | Description of property | Arrears amount (if any) | Interest rate on arrears (if any) | Beginning in MM/YY | Monthly payment | # of pay-m ents | Remaining arrears payments | + *amount paid to date by trustee (mod. plan only)* | Total trustee arrears payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 5.**2** | **U.S. Department of Housing** | **6598 Hokah Drive Circle Pines, MN 55014 Anoka County, Anoka County** | **$0.00** | **0.00** | **07/2026** | **0.00** | **0.00** | **$0.00** | **$0.00** | **$0.00** |
| | | | Current installment payment | | Disbursed by: | | Remaining trustee installment payments | | + *amount paid to date by trustee (mod. plan only)* | Total trustee installment payments |
| | | | **0.00** | | ☑ Debtor ☐ Trustee | | **$** | | **$** | **$0.00** |

Local Form 3015-1
REVISED 09/2025

TOTAL: **$0.00**

**Part 6. SECURED CLAIMS SUBJECT TO MODIFICATION ("CRAMDOWN") PURSUANT TO § 506 (§ 1325(a)(5)):** The trustee will pay the amount set forth in the "Total payments" column below on the following secured claims if a proof of claim is filed and allowed. Notwithstanding a creditor's proof of claim filed before or after confirmation, if the plan has been served upon each of the affected creditors identified below in the manner provided for by Fed. R. Bankr. P. 7004, the amount listed in the secured claim amount column binds the creditor pursuant to 11 U.S.C. § 1327 and confirmation of the plan is a determination of the creditor's allowed secured claim, unless otherwise ordered by the court. For secured claims of governmental units, unless otherwise ordered by the court, the value of a secured claim listed in a proof of claim filed in accordance with Fed. R. Bankr. P. 3012(c) controls over any contrary amount. Unless otherwise specified in Part 15, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i). Any allowed unsecured portion of the claim will be paid under Part 10, Part 11, or Part 12.

| | Creditor | Est. claim amount | Secured claim amount | Int. rate | Adq. Pro. (Check) | Begin-ning in MM/YY | Monthly payment | # of payments | Remaining payments | *+amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | ☐ | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | | |
| | | | | | | | | | | TOTAL: | **$0.00** |

**Part 7. SECURED CLAIMS EXCLUDED FROM § 506 AND NOT SUBJECT TO MODIFICATION ("CRAMDOWN") (§ 1325(a)) (910 vehicles and other things of value):** The trustee will pay the amount of the allowed secured claim listed in the proof of claim, unless otherwise ordered by the court, at the interest rate set forth below. Any allowed unsecured portion of the claim will be paid under Part 10, Part 11, or Part 12. **All following entries are estimates, except for interest rate.** Unless otherwise specified in Part 15, the creditors listed in this Part retain the liens securing their allowed secured claims to the extent provided under 11 U.S.C. § 1325(a)(5)(B)(i).

| | Creditor | Est. secured claim amount | Int. rate | Adq. Pro. (Check) | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|---|
| 7.1 | **MN Dept of Revenue** | **$6,457.14** | **8.00** | | **07/2026** | **$113.28** | **57** | **$6,457.14** | **$0.00** | **$6,457.14** |
| 7.2 | **AmeriCredit/GM Financial** | **$15,248.88** | **9.50** | ☐ | **07/2026** | **$362.47** | **40** | **$14,498.88** | **$750.00** | **$15,248.88** |
| | | | | | | | | | TOTAL: | **$21,706.02** |

**Part 8. PRIORITY CLAIMS UNDER § 507(a)(2) THROUGH (a)(10):** The trustee will pay the amount of the allowed priority claim listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates.**

| | Creditor | Claim amount | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|
| 8.1 | **Attorney Fees (Post)** | **$1,500.00** | **07/2026** | **$75.00** | **20** | **$1,500.00** | **$0.00** | **$1,500.00** |
| 8.2 | **Attorney Fees** | **$4,000.00** | **07/2026** | **$101.82** | **20** | **$2,036.57** | **$1,963.43** | **$4,000.00** |
| 8.3 | **Internal Revenue Service** | **$14,474.02** | **07/2026** | **Pro Rata** | **Pro Rata** | **$14,474.02** | **$0.00** | **$14,474.02** |
| 8.4 | **MN Dept of Revenue** | **$403.13** | **07/2026** | **Pro Rata** | **Pro Rata** | **$403.13** | **$0.00** | **$403.13** |
| | | | | | | | TOTAL | **$20,377.15** |

Local Form 3015-1
REVISED 09/2025

**Part 9. DOMESTIC SUPPORT OBLIGATION CLAIMS UNDER § 507(a)(1):** The trustee will pay the amount of the allowed priority claim listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates.**

| | Creditor | Claim amount | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|
| | **-NONE-** | | | | | | | |
| | | | | | | | TOTAL | **$0.00** |

**Part 10. SEPARATE CLASSES OF UNSECURED CLAIMS:** In addition to the classes of unsecured claims specified in Part 11 and Part 12, there shall be separate classes of nonpriority unsecured claims including the following. The trustee will pay the nonpriority amount. listed in the proof of claim, unless otherwise ordered by the court. **All following entries are estimates, except for interest rate.**

| | Creditor | Unsecured claim amount | Interest rate (if any) | Beginning in MM/YY | Monthly payment | # of payments | Remaining payments | *+ amount paid to date by trustee (mod. plan only)* | = Total payments |
|---|---|---|---|---|---|---|---|---|---|
| | **-NONE-** | | | | | | | | |
| | | | | | | | | TOTAL | **$0.00** |

**Part 11. TIMELY FILED UNSECURED CLAIMS:** The trustee will pay holders of allowed nonpriority unsecured claims for which proofs of claim were timely filed the remaining funds received by the trustee and not paid under Parts 3, 5, 6, 7, 8, 9, and 10 on a pro rata basis. **All following entries are estimates.**

| | |
|---|---|
| Estimated nonpriority unsecured claims held by creditors listed in Parts 6, 7, and 14 | **$0.00** |
| + Total estimated nonpriority and not separately classified unsecured claims (excludes Parts 6, 7, 10, and 14 unsecured claims) | **$11,514.20** |
| = Total estimated nonpriority and not separately classified unsecured claims (excludes Part 10 claims) | **$11,514.20** |
| Projected percentage payment to unsecured claims (excludes Part 10 claims) | **16.4** |

| | |
|---|---|
| Estimated remaining payments | **$1,896.23** |
| *+ amount paid to date by trustee (mod. plan only)* | |
| = TOTAL estimated payments | **$1,896.23** |

**Part 12. TARDILY-FILED UNSECURED CLAIMS:** All money paid by the debtor to the trustee under Part 2, but not distributed by the trustee under Parts 3, 5, 6, 7, 8, 9, 10, and 11, will be paid to holders of allowed nonpriority unsecured claims for which proofs of claim were tardily filed. Tardily-filed claims remain subject to objection pursuant to 11 U.S.C. § 502(b)(9).

**Part 13. SURRENDER OF COLLATERAL AND REQUEST FOR TERMINATION OF STAY:** The debtor has surrendered or will surrender the following property to the creditor. The debtor requests that the stays under 11 U.S.C §§ 362(a) and 1301(a) be terminated as to the surrendered collateral upon confirmation of the plan.

| | Creditor | Description of property *(including complete legal description of real property)* |
|---|---|---|
| | **-NONE-** | |

**Part 14. LIEN AVOIDANCE:** The judicial liens or nonpossessory, nonpurchase money security interests securing the claims listed below impair exemptions to which the debtor would have been entitled under 11 U.S.C. § 522(b). If the plan has been properly served upon each of the affected creditors identified below in the manner provided for by Fed. R. Bankr. P. 7004, a judicial lien or security interest securing a claim listed below will be avoided to the extent that it impairs such exemptions upon entry of the order confirming the plan, unless otherwise ordered by the court. The amount of the judicial lien or security interest that is avoided will be treated as an unsecured claim in Part 11 or Part 12, to the extent allowed. The amount, if any, of the judicial lien or security interest that is not avoided will be paid in full as a secured claim under the Part 6 or Part 7. See 11 U.S.C. § 522(f) and Fed. R. Bankr. P. 3012(b) and 4003(d). *Insert additional tables for each lien.*

| **Information regarding judicial lien or security interest** | | **Calculation of lien avoidance** | | **Extent of exemption impairment (check one)** |
|---|---|---|---|---|
| Creditor: | **-NONE-** | a. Amount of lien | | Line f is equal to or greater than line a. The entire lien is avoided. The amount of the unsecured claim is (line a): $ |
| Collateral: | | b. Amount of all other liens | | |
| Lien identification | | c. Value of claimed exemptions | | Line f is less than line a. A portion of the lien is |

| | | | | |
|---|---|---|---|---|
| (such as judgment date, date of lien recording, book and page number) | | d. Total of adding lines a, b, and c | | avoided. The amount of secured claim after avoidance (line a minus line f): $. The amount of the unsecured claim is (line f): $. |
| | | e. Value of debtor's interest | | |
| | | f. Subtract line e from line d. | | |

**Part 15. NONSTANDARD PROVISIONS:** The trustee may distribute additional sums not expressly provided for herein at the trustee's discretion. Any nonstandard provisions, as defined in Fed. R. Bankr. P. 3015(c), must be in this Part. Any nonstandard provision placed elsewhere in the plan is void.

| | |
|---|---|
| 15.1 | ***The plan is a step plan which will pay as follows: $535.00 monthly for 16 months,than $635.00 Monthly for 12 months,than $735.00 monthly for 12 for months, than $835.00 Monthly for 8 months.** |
| 15.2 | **The debtor will also pay the trustee a lump sum payment of $14,000.00 by June 2030 from unpledged social security income or other sources.**<br><br>**Pursuant to 11 U.S.C. Section 1305, a proof of claim may be filed for taxes that become payable while the case is pending. The trustee will only pay 11 U.S.C. Section 1305 tax claims attributable to the taxable year in which the case concerning such debtor(s) was filed, and only to the extent funds are available.**<br><br>**APPROVAL NOT REQUIRED TO INCUR POST PETITION DEBT. Approval by the bankruptcy court, or Chapter 13 trustee, shall not be required prior to debtor incurring ordinary consumer debt while this case is pending. Letters of approval will not be provided by the Chapter 13 trustee and one is not needed for debtor to incur post-petition ordinary consumer debt in Minnesota. All parties in interest retain all rights regarding the treatment of this debt in future modified plans and motions to confirm such plans.**<br><br>**Upon the granting of relief from the automatic stay, the trustee shall cease payments on account of the secured portion of the applicable claim. For any claim arising from the granting of relief from the automatic stay, surrender, foreclosure, repossession, or return of any collateral to any creditor listed in Parts 4, 5, 6, 7, 8, 13 or Non-standard provisions, for any reason, including plan modification, the trustee shall pay such claim as a general unsecured claim upon amendment of the applicable claim. Any alleged balance of any claim to such creditor shall be discharged upon the debtor(s) receiving a discharge in this case.**<br><br>**All secured creditors being paid direct (outside the Chapter 13 plan) on the plan may, upon confirmation of the plan, send debtor monthly statements and are authorized to speak to debtor about post-petition payments.** |

**SUMMARY OF TOTAL ESTIMATED PAYMENTS:**

| Class of payment | | Total payments |
|---|---|---|
| Payments by trustee [Part 3] | $ | **4,886.60** |
| Maintenance of payments and cure of default, if any [Part 5] | $ | **0.00** |
| Secured claims subject to modification (cramdown) pursuant to § 506 [Part 6] | $ | **0.00** |
| Secured claims excluded from § 506 [Part 7] | $ | **21,706.02** |
| Priority claims [Part 8] | $ | **20,377.15** |
| Domestic support obligation claims [Part 9] | $ | **0.00** |
| Separate classes of unsecured claims [Part 10] | $ | **0.00** |
| Timely filed unsecured claims [Part 11] | $ | **1,896.23** |
| TOTAL (must equal line 2.5) | $ | **48,866.00** |

Certification regarding nonstandard provisions:
I certify that this plan contains no nonstandard provision except as placed in Part 15.

Signed: **/s/ Wesley W. Scott**
**Wesley W. Scott 0264787**
Attorney for debtor

Signed: **/s/ Heidi Faith Miller**
**Heidi Faith Miller**
Debtor 1

Signed: **/s/ Bruce Harvey Miller**
**Bruce Harvey Miller**
Debtor 2 (if joint case)